IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMBER COLLINS | ) | |
| | ) | CASE NO. 2:10-CV-676 |
| Plaintiff, | ) | |
| | ) | JUDGE FROST |
| | ) | |
| | ) | MAG. JUDGE PRESTON-DEAVERS |
| vs. | ) | |
| | ) | |
| | ) | |
| OHIO STATE UNIVERSITY, *et al.,* | ) | **AMENDED COMPLAINT** |
| | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |
| Defendants. | ) | |

Plaintiff Amber Collins, by and through her undersigned counsel, for her Complaint against Defendants states as follows:

**JURISDICTION**

1. This action arises pursuant to §16(b) of the Fair Labor Standard Act (FLSA) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq*. This action is also brought pursuant to 42 U.S.C. § 1983.

2. The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1343 and 1331, 29 U.S.C. §§ 621, *et seq*. and 42 U.S.C. §§ 2000e *et seq.*

3. Venue is appropriate in this Court under 28 U.S.C. § 1391(b), and the claims herein arise in Franklin County, Ohio.

**PARTIES**

4. Plaintiff Amber Collins is and was at all times relevant to the allegations raised in this Complaint a resident of the State of Ohio, County of Franklin, City of Columbus, and a citizen of the United States. At all times relevant hereto, Plaintiff was employed by

Defendant Ohio State University as a guest services attendant in the University's Blackwell Hotel, and Plaintiff is an employee as defined by Title VII.

5. Defendant Ohio State University (hereinafter "OSU") is state university located in Columbus, Ohio. Defendant OSU is an employer as defined by Title VII.

6. At all times relevant hereto, Defendant Emily Tatman (hereinafter "Tatman") was employed by Defendant OSU as a supervisor in OSU's Blackwell Hotel where Plaintiff was employed. Defendant Tatman was Plaintiff's direct supervisor. Plaintiff sues Defendant Tatman in her official and individual capacities.

7. At all times relevant hereto, Defendant Adam Keller (hereinafter "Keller") was employed by Defendant OSU a manager in OSU's Blackwell Hotel where Plaintiff was employed. Defendant Keller managed and supervised Plaintiff and Defendant Tatman. Plaintiff sues Defendant Keller in his official and individual capacities.

## ADMINISTRATIVE PROCEDURE

8. Prior to filing this action, Plaintiff filed a complaint concerning the claims raised herein with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission.

9. On April 30, 2010, Plaintiff received a right to sue letter from the Equal Employment Opportunity Commission with a notice of her right to sue within 90 days of her receipt of the notice.

10. Plaintiff has sufficiently exhausted all administrative remedies and requirements before filing this action.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates the allegations raised above herein by reference.

12. Plaintiff began her employment with Defendant OSU in November 2007 as guest services attendant in a university operated hotel.

13. From on or about December 4, 2007 to in or about November 2008, Plaintiff was

subjected to conduct by Defendants Tatman and Keller that exceeded the bounds of decency and tolerance. The conduct of these Defendants created an environment that was hostile and made it difficult for Plaintiff to work. The harassment directed toward Plaintiff by Defendants Tatman and Keller was either intended to cause her severe emotional distress or was perpetrated with a reckless indifference to the likelihood that it would cause such distress. The sexual harassment alleged herein affected a term, condition, and privilege of Plaintiff's employment by creating an abusive environment that affected her psychological and/or physical well being. The actions of Defendants Tatman and Keller created hostility for Plaintiff are described below for illustrative purposes only, and include but are not limited to:

(A) Defendant Tatman making sexually suggestive sounds and gestures toward Plaintiff;

(B) Defendant Tatman brushing up against Plaintiff and touching Plaintiff in a sexually offensive manner;

(C) Defendant Tatman staring at Plaintiff in a sexually offensive manner while Plaintiff was changing her clothes in the Defendant OSU's locker room.

(D) Defendant Tatman engaging and/or mimicking sexually activity with other employees in view of Plaintiff;

(E) Defendant Tatman and Keller acting in an hostile manner toward Plaintiff and encouraging other employees to act in an hostile manner toward Plaintiff when Plaintiff failed to respond favorably toward their conduct and/or advances.

(F) Defendant Keller staring at Plaintiff in a sexually offensive manner;

(G) Defendant Keller using his body to mimic sexually offensive gestures near Plaintiff and her body;

(H) Defendant Keller condoning the conduct of Defendant Tatman;

(I) Defendants Keller and Tatman treating Plaintiff differently and less favorably than other similarly situated employees because she did not respond favorably toward their

3

conduct and/or advances.

16. 14. The conduct of Defendants Tatman and Keller directed toward Plaintiff was unwelcome, directed to her because she is female, made her feel uncomfortable, was severe or pervasive, and affected the terms, conditions or privileges of her employment at Defendant OSU.

15. The conduct of Defendants Tatman and Keller was willful, wonton, malicious, and without provocation.

16. Defendants Tatman and Keller held control over Plaintiff because they were supervisors and/or managers of Plaintiff and directly supervised Plaintiff in her employment at Defendant OSU. These Defendants could negatively affect Plaintiff's employment at Defendant OSU, and Plaintiff believed that her employment at Defendant OSU would be negatively or positively affected based on her response to the unwelcome sexual advances of Defendants Tatman and Keller.

17. On or about January 15, 2008, Plaintiff first reported the conduct of Defendant Tatman to Defendant Keller. Defendant Keller failed to take any prompt, remedial, or corrective action to stop the conduct of Defendant Tatman. Defendant Keller did nothing in response to Plaintiff's complaints and the conduct of Defendant Tatman continued and escalated. No action was taken by Defendant Keller to seriously investigate Plaintiff's complaints about Defendant Tatman's conduct. After Plaintiff complained to Defendant Keller about the conduct of Defendant Tatman as described herein, Defendant Keller proceeded to sexually harass and discriminate against Plaintiff based on her sex.

18. On or about July 30, 2008, Plaintiff further reported the conduct of Defendants Tatman and Keller to Defendant OSU's human resource department, but again no prompt, remedial, or corrective action was taken and the conduct of Defendants Tatman and Keller directed toward Plaintiff continued. Plaintiff specifically requested that Defendant OSU transfer her from the guest services position and away from Defendants Tatman and Keller,

but Defendant OSU failed to respond to Plaintiff's request, and Plaintiff was forced, on her own, to find other work under the employment of Defendant OSU.

19. Defendant OSU failed to seriously or meaningfully investigate Plaintiff's complaints about the conduct of Defendant Tatman. Defendant OSU failed to seriously or meaningfully investigate the failure of Defendant Keller to take any action after Plaintiff's complaints to him in January 2008.

20. On or about October 30, 2008, Plaintiff was informed by Defendant OSU's human resource department that Defendant Tatman would be kept away from Plaintiff. After that date, Defendant Tatman approached Plaintiff in her workplace at Defendant OSU in an intimidating and threatening manner.

21. To this date, Defendant OSU failed to properly respond to Plaintiff's complaints as required by applicable law. Defendant Tatman and Defendant Keller remain employed by Defendant OSU, and no attempt to remedy the situation has been made to Plaintiff for the wrongful conduct of Defendants Tatman and Keller.

## COUNT ONE

### (Title VII – *Quid Pro Quo* & Hostile Environment Sexual Harassment & Discrimination)

22. Plaintiff incorporates the allegations raised above herein by reference.

23. Defendant OSU is liable to Plaintiff on the basis of the actions of Defendants Tatman and Keller, which constitute sexual harassment and discrimination against her based on her sex in violation of 42 U.S.C. § 2000-e *et seq.* (Title VII). Such action constitutes discrimination against Plaintiff based on her sex as a female.

24. Defendant OSU is further liable to Plaintiff based on the failure of Defendant Keller to take any action upon Plaintiff's complaints of the conduct of Defendant Tatman and by its own failure to meaningfully investigate the conduct of Defendants Tatman and Keller and to take prompt, remedial, and corrective action in response to Plaintiff's Complaints.

25. Defendant OSU was willful in condoning such conduct on the part of Defendants

Tatman and Keller, it ratified their conduct, and/or failed to adhere to or institute an effective policy concerning the conducted described herein.

26. The actions and inactions of Defendants were sufficiently severe, pervasive and objectively offensive in nature and negatively affected Plaintiff's ability work free of harassment and hostility based on her sex.

27. As a direct and proximate result and consequence of Defendants' conduct as alleged above, Plaintiff experienced fright, humiliation, emotional distress, pain and suffering, isolation, embarrassment, and were otherwise damaged. Further, based on aforementioned conduct, the working conditions at Defendant OSU were and/or became so intolerable that a reasonable person under the same circumstances that faced Plaintiff would have felt compelled to leave employment or seek other employment and, as such, Plaintiff has incurred severe economic damages (including, but not limited to loss of income and other benefits).

28. Plaintiff has been compelled to employ the undersigned attorney to represent her in this matter and is entitled to recover reasonable attorneys fees.

## COUNT TWO
### (Title VII – Retaliation)

29. Plaintiff incorporates the allegations raised above herein by reference.

30. Plaintiff engaged in protected activity when she complained about the gender discrimination and sexual harassment to Defendant Keller and Defendant OSU.

31. Plaintiff faced retaliation from Defendants through increased hostility and escalated harassment by OSU through Defendants Keller and Tatman. Said conduct constitutes retaliation against Plaintiff in violation 42 U.S.C. §2000e-3, and arises out of her charge of sexual harassment and discrimination.

32. As a direct and proximate result of Defendant OSU's retaliation, Plaintiff has been damaged and is entitled to monetary relief.

33. Plaintiff has been compelled to employ counsel to represent her in this matter and

is entitled to recovery reasonable attorney fees.

## COUNT THREE

### (Section 1983 – Denial of Due Process and Equal Protection)

34. Plaintiff incorporates the allegations raised above herein by reference.

35. Defendants Keller and Tatman are liable for denying Plaintiff due process and equal protection, and/or other Constitutional guarantees while acting under color of state law in violation of 42 U.S.C. § 1983 in their individual capacities.

36. The actions of Defendants Keller and Tatman were willful, wanton and malicious in nature, and/or were deliberately indifferent to the rights of Plaintiff.

37. The conduct of Defendants Keller and Tatman was condoned, ratified, by OSU and/or OSU failed to institute or adhere to a meaningful and effective policy against and to correct and remedy the conduct described herein.

38. The conduct of Defendants Keller and Tatman directly and proximately caused Plaintiff to suffer damages as alleged herein and Plaintiff is entitled to judgment and recovery of damages under 42 U.S.C. § 1983. Plaintiff has been compelled to employ counsel to represent her in this matter and is entitled to recovery reasonable attorney fees.

WHEREFORE, Plaintiff Amber Collins demands Judgment Defendant OSU on Counts One and Two under Title VII and/or other applicable law in an amount that will fully, fairly, and completely compensate her pursuant to the laws of the United States and the State of Ohio, for the costs in this action herein together with prejudgment interest, reasonable attorney's fees, and a fair and adequate sum for punitive damages, and other relief as the Court deems just.

Plaintiff further demands Judgment against Defendants Tatman and Keller, jointly and severally, on Count Three under Section 1983 in an amount that will fully, fairly, and completely compensate her pursuant to the laws of the United States and the State of Ohio, for the costs in this action herein together with prejudgment interest, reasonable attorney's

fees, and a fair and adequate sum for punitive damages, and other relief as the Court deems just.

                              Respectfully submitted,

                              /s/ David G. Phillips
                              DAVID G. PHILLIPS (0046827)
                              17921 Lakeshore Boulevard
                              Cleveland, Ohio  44119
                              (2l6) 531-0123
                              Fax: (216)692-1007
                              E-mail:  d.g.phillips@sbcglobal.net (for service)
                                            civilrightslaw@sbcglobal.net

                              Attorney for Plaintiff

**JURY DEMAND**

Plaintiff hereby demand a trial by jury in this case by the applicable amount of jurors allowed by law.

                              /s/ David G. Phillips
                              DAVID G. PHILLIPS

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Amended Pleading was served by the Court's electronic filing system on this 16th day of February 2011, as attached to Plaintiff's Motion for Leave.

                              s/David G. Phillips
                              DAVID G. PHILLIPS